UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN GOMEZ RIOS, ELIEZER FRANCIS,
GILDARDO OJEDA-JUAREZ, CARLOS
SUAREZ, PEDRO TLACOMULCO, and
RENE ALMAZO,

        Plaintiffs,

   -against-

LOUYA CORP. d/b/a JACQUES BRASSERIE,
SERVICE CORP. d/b/a JACQUES 1534, JBB
BAR AND GRILL, INC. d/b/a THE PITCH &
FORK, and HAMIMI "JACQUES" OUARI,

        Defendants.
------------------------------------------------------------X

                           14-CV-06800 (GHW)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT TIMELY DISCLOSED

Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(646) 489-0059 (tel)
(516) 759-2556 (fax)

## PRELIMINARY STATEMENT

Defendants, Louya Corp. d/b/a Jacques Brasserie, Service Corp. d/b/a Jacques 1534, JBB Bar and Grill, Inc. d/b/a The Pitch & Fork, and Hamimi "Jacques" Ouari, submit this memorandum of law in support of their motion *in limine* to exclude Plaintiffs' Exhibits P-6 (insofar as it encompasses records Bates Stamped Nos P000752 through 810), evidence which was not properly identified or disclosed in discovery and only produced on May 18, 2015 (the afternoon that the Pretrial Order was due).

## ARGUMENT

### DEFENDANTS' PROPOSED EVIDENCE WAS NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED FROM TRIAL

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy of all documents that the disclosing party may use to support its claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A)-(B). Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect. See Fed. R. Civ. P. 26(e)(1). Finally, Rule 26 requires that a party seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect. See Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26 Advisory Committee's Note (supplementations should be made with special promptness as the trial date approaches).

1

To ensure compliance with Rule 26, Rule 37 provides that any party that:

> [W]ithout substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

See Fed. R. Civ. P. 37(c)(1). Exclusion is "automatic and mandatory" unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996).

Here, Plaintiffs' Exhibit P-6 (insofar as it encompasses records Bates Stamped Nos P000752 through 810) was produced for the first time on at 3:47 PM on May 18, 2015, when the parties were in the final stages of submitting the Joint Pretrial Order in this matter. See Declaration of Adam C. Weiss, Esq., at 4-10.  In essence, Plaintiffs attempt at the 11th hour to introduce 52 pages of purported paystubs belonging to Plaintiff Ramon Hernandez.  Then, in the Pretrial Order, Plaintiffs cherry-picked three pages out of the 52 page production, P000754, P000792, and P000809, and inserted them as Plaintiffs' Exhibit P-6.  Indeed, Defendants were not even made aware of what documents included in the 52-page production would be included in Plaintiffs' Exhibit P-6 until Plaintiffs filed the Pretrial Order, which even failed to include Defendants' objection to Plaintiffs' P-6 and, instead, left that box blank.  At this time, for the first time, Defendants were made aware that Plaintiffs only intended to use three pages from the 52-page production at trial.

As such, Defendants should not be prejudiced by permitting Defendants to produce, months after discovery closed in this matter, new discovery materials and then cherry-picking only three pages from that production. This material should be precluded.  See Briese Lichttechnik Vertriebs GmbH v. Langton, No. 09 Civ. 9790 (LTS)(MHD), 2011 U.S. Dist. LEXIS 6340, 2011

WL 280815, at *11 (S.D.N.Y. Jan. 10, 2011) (precluding defendants from "utilizing, either on summary judgment or at trial, any documents not produced to plaintiffs during the specified discovery period"); Richmond v. Gen. Nutrition Ctrs., Inc., No. 08 Civ. 3577 (PAE)(HBP), 2012 U.S. Dist. LEXIS 32070, 2012 WL 762307, at *5 (S.D.N.Y. Mar. 9, 2012) (court would preclude at trial any damages-related computations and supporting documents not produced by plaintiffs during discovery, as non-production was neither substantially justified nor harmless).

Wherefore, it is respectfully requested that the Court exclude Plaintiffs' Exhibit P-6, evidence which was not properly identified or disclosed in discovery. In the alternative, Defendants respectfully request that they be permitted to amend the Joint Pretrial Order to include all 52 pages of the documents produced by Plaintiffs on May 18, 2015 (P000752-810) and include those documents as a new Exhibit (Defendants' Exhibit Z).

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court exclude Plaintiffs' Exhibit P-6, evidence which was not properly identified or disclosed in discovery.

Dated: May 26, 2015
      Glen Cove, New York

THE LAW FIRM OF ADAM C. WEISS, PLLC

Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(646) 489-0059 (tel)
(516) 759-2556 (fax)
Email: acweiss88@aol.com

*Attorneys for Defendants*

3