**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375
Fax: (212) 481-1333

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN GOMEZ RIOS, ELIEZER FRANCIS, GILDARDO OJEDA-JUAREZ, CARLOS SUAREZ, PEDRO TLACOMULCO, and RENE ALMAZO, individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>LOUYA CORP. d/b/a JACQUES BRASSERIE, SERVICE CORP. d/b/a JACQUES 1534, JBB BAR AND GRILL INC. d/b/a THE PITCH & FORK, and HAMIMI "JACQUES" OUARI,<br><br>Defendants. | 14 Civ. 6800 (GHW)<br><br>DECLARATION OF ARSENIO RODRIGUEZ IN SUPPORT OF MOTION FOR ATTORNEYS' FEES |

ARSENIO RODRIGUEZ, under penalty of perjury, affirms and states as follows:

1. I am an associate of the firm Fitapelli & Schaffer, LLP ("F&S"), attorneys for Plaintiffs Juan Gomez Rios, Eliezer Francis, Gildardo Ojeda-Juarez, Carlos Suarez, Pedro Tlacomulco, Rene Almazo Olivares, and Ramon Hernandez (collectively "Plaintiffs") in their case against Defendants Louya Corp. d/b/a Jacques Brasserie ("Jacques"), Service Corp. d/b/a Jacques 1534 ("1534"), JBB Bar and Grill Inc. d/b/a The Pitch & Fork ("JBB"), and Hamimi "Jacques" Ouari ("Ouari") (collectively "Defendants").

2. I submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs from the inception of the case through the date of this submission.

## PRIOR PROCEEDINGS

### A. Commencement of the Case

3. Plaintiffs first consulted F&S in July 2014. In the beginning of this case, we conducted initial interviews with Plaintiffs and evaluated their claims. We then conducted a follow-up meeting in August 2014 in which we accumulated additional details and ascertained the strongest manner in which to bring the claims. The Plaintiffs retained F&S, and we agreed to a contingency-fee basis as the method of payment. We drafted a Complaint which was filed in this Court on August 22, 2014, asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See* Docket # 1.

4. On September 19, 2014, Defendants filed an Answer. *See* Docket # 9. Defendants' Answer included extensive denials and asserted numerous affirmative defenses.

### B. Party Discussions and Discovery

5. On October 24, 2014, after several early discussions with Defense counsel, Plaintiffs filed a Joint Letter with this Court in preparation for the Initial Pretrial Conference.

6. At the Initial Pretrial Conference held before this Court on October 31, 2014, a civil case management plan and scheduling order was issued.

7. As a result, extensive discovery was conducted from approximately November 1, 2014 to April 1, 2015.

8. During the discovery process, we prepared and sent initial disclosures, document requests, and interrogatories. In turn, Defense counsel provided us with over 1,300 documents including payroll registers, schedules, paystubs, and documents for the New York State

Department of Labor. Furthermore, Defense counsel provided us with three years of personal and corporate tax returns for all Defendants. After a thorough review of all of Defendants' documents, we were able to provide Defense counsel with a detailed damages analysis and settlement demand, in hopes of entering into settlement discussions. In response, Defendants made no offer.

9. Defendants thereafter served discovery requests and responses, to which Plaintiffs responded.

10. Furthermore, we prepared for, and took, the deposition of Defendant Ouari.

11. Prior to taking the deposition of Defendant Ouari, as a result of the discovery performed, we spoke with Defense counsel and reduced our demand substantially. However, the Defendants rejected our offer and chose to move forward both with the deposition and the litigation of the case.

C. **Settlement Conferences**

12. On April 9, 2015, this Court referred the case to Magistrate Judge Dolinger for settlement. *See* Docket # 20. On April 10, 2015, Magistrate Judge Dolinger ordered the parties to appear with their respective clients for a settlement conference to be held on April 20, 2015.

13. In preparation for the conference, we engaged in several discussions with Plaintiffs in order to prepare for the upcoming settlement conference.

14. We appeared at a settlement conference on April 20, 2015 in front of Magistrate Judge Dolinger. While figures were exchanged by the parties, the case did not settle. However, enough progress had been made to justify a second settlement conference.

15. On April 20, 2015, the parties were directed to appear with clients for a second settlement conference, in front of Magistrate Judge Dolinger, to be held on May 5, 2015. *See* Docket # 26.

16. We prepared for and appeared at a settlement conference on May 5, 2015. Both parties presented their best offers, but it was clear that a large gap remained. As a result, the case did not settle. Magistrate Judge Dolinger directed the parties to continue with this Court's amended scheduling order issued on April 9, 2015. *See* Docket # 21.

**D.     Pretrial Submissions and Trial Preparation**

17. On May 6, 2015, this Court held a telephone conference with the parties to discuss the required pretrial submissions as well as lay the ground rules which the parties would be bound by as the trial neared. At the conference, we informed the court that we would present a maximum of eight (8) witnesses, and Defense counsel stated that they would present at most three (3) witnesses.

18. After the conference, we engaged in a concentrated and detailed trial preparation procedure which included numerous client meetings, phone calls, emails, legal research, and multiple drafting and editing sessions. On May 18, 2015, we filed our Joint Pretrial Order as well as Plaintiffs' Pretrial Memo of Law, Plaintiff's Proposed Findings of Fact and Conclusions of Law, and seven (7) Pretrial Direct Testimony Affidavits. *See* Docket #s 30, 31, 36-42, and 43. Then, on May 21, 2015, we filed our final Witness List with this Court. *See* Docket # 45.

19. After researching and reviewing all applicable law, we drafted and filed our Opposition to Defendants' Pretrial Memorandum of Law on May 26, 2015. *See* Docket # 46.

20. On May 29, 2015, after reviewing Defendants' Motion in Limine, we filed our Declaration in Response to Defendants' Motion. *See* Docket # 51.

21. On June 1, 2015, the parties appeared before this court for our Final Pretrial Conference.

22. On June 8, 2015, as per this Court's direction, we filed the final Joint Pretrial Order and Plaintiffs' Letter to The Honorable Judge Woods detailing our damages analysis and calculations for the remaining seven (7) Plaintiffs. *See* Docket #s 53 and 54.

E. **Bench Trial**

23. On June 15, 2015, we appeared before this Court at 9:00 A.M. to commence a week long bench trial consisting of the cross-examination and re-direct testimony of 9 witnesses as well as opening and closing arguments. Furthermore, during the course of the trial, Plaintiffs researched, wrote, and supplied this Court with two supplemental Memorandum of Law regarding the overtime wage calculation of restaurant workers and the New York State Wage Theft Prevention Act. *See* Docket #s 57 and 59.

24. On July 9, 2015, we were alerted as to the bankruptcy filing of Defendant Louya Corp. *See* Docket # 68. We reviewed Louya Corp.'s Chapter 11 Petition, and we spoke with Plaintiffs to alert them as to the possible consequences of Defendant Louya Corp.'s filing.

25. On July 10, 2015, we appeared and were present before this Court as a verdict for approximately $889,000 plus interest and fees in favor of the Plaintiffs was read into the record.

**QUALIFICATIONS OF PLAINTIFFS' ATTORNEYS**

26. Since 2008, F&S has concentrated its practice in representing individuals in employment and labor related matters, with a focus on wage and hour issues. From our Park Avenue address, F&S has grown into a seven (7) attorney practice managed by Joseph Fitapelli, Esq. and Brian Schaffer, Esq. With the firm's attorneys admitted in the Eastern and Southern Districts of New York as well as being members of the National Employment Lawyers

Association ("NELA"), F&S has rapidly developed an excellent reputation among both the plaintiff and defense bars.

27.  Both Joseph Fitapelli and Brian Schaffer have served as panelists at CLE presentations for wage and hour issues for NELA National, NELA New York, the American Bar Association, and the New York County Lawyers Association. Mr. Schaffer was recently selected by the ABA as a contributing editor for the 2015 treatise the Fair Labor Standards Act.

28.  Since 2011, Super Lawyers has honored F&S's partners with a selection each of the past five years.

29.  A review of our past and current docket shows that we have successfully represented employees in numerous employment litigations, the vast majority of which are hybrid class/collective actions filed under the FLSA and the NYLL.

30.  We have been appointed class counsel in a wage and hour cases encompassing hundreds of Plaintiffs. *See Lopez v. Dinex Group, LLC*, No. 155706/2014, NYSECF No. 72 (N.Y.Supt.Ct. New York County, June 23, 2015); *Milton v. Bells Nurses Registry & Employment Agency, Inc.*, No. 502303/2015, NYSCECF No. 12 (N.Y.Supt.Ct. Kings County, May 13, 2015); *Carpenter v. Paige Hospitality Group, LLC, et al.*, No. 13 Civ. 4009 (GBD), ECF No. 106 (S.D.N.Y. June 2, 2015); *Hamadou v. Hess Corporation, et al.*, No. 12 Civ. 250 (JLC), 2015 WL 3824230 (S.D.N.Y. June 18, 2015); *Fernandez v. Legends Hospitality, LLC*, No. 152208/2014, NYSCEF No. 40 (N.Y.Sup.Ct. New York County, June 23, 2015); *Espinoza v. Wanrong Trading Corp.*, No. 13 Civ. 1727 (FB), ECF No. 33 (E.D.N.Y. December 23, 2014); *Flynn v. N.Y. Dolls Gentlemen's Club*, No. 13 Civ. 6530 (PKC)(RLE), ECF No 80 (S.D.N.Y. Apr. 28, 2015); *Flores v. One Hanover, LLC*, No. 13 Civ. 5184 (AJP), ECF No. 40 (S.D.N.Y. June 9, 2014); *Bonilla v. A-1 First Class Viking Moving & Storage, Inc.*, No. 151136/2013 (EAR), NYSCEF No. 79 (N.Y.Sup.Ct.

May 20, 2014); *Simsek v. New York State Catholic Health Plan, Inc.*, No. 11 Civ. 5393 (FB)(JMA), 2014 U.S. Dist. LEXIS 22979 (E.D.N.Y. Feb. 14, 2014); *Diombera v. The Riese Organization, Inc.*, No. 12 Civ. 8477 (RJS)(HP), ECF No. 73 (S.D.N.Y. Oct. 21, 2013); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (WHP)(RLE), 2013 WL 4734818 (S.D.N.Y. Sept. 3, 2013); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013); *Tiro v. Pub. House Investments, LLC*, No. 11 Civ. 7679 (CM), 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013); *Ryan v. Volume Services America, Inc.*, No. 652970/2012 (MLS), 2012 N.Y. Misc. LEXIS 932 (N.Y.Sup.Ct. Mar. 7, 2013); *Chang v. BD Stanhope, LLC*, No. 10 Civ. 8577 (TPG), ECF No. 48 (S.D.N.Y. Nov. 15, 2012); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835 (PAE), 2012 WL 4748101 (S.D.N.Y. Oct. 4, 2012); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 2775019 (S.D.N.Y. July 6, 2012); *Matheson v. The Glazier Group, Inc.*, No. 09 Civ. 4212 (DAB), 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011); *O'Dell v. AMF Bowling Centers, Inc.*, No. 09 Civ. 759 (DLC), 2009 WL 6583142 (S.D.N.Y. Sept. 18, 2009).

31. We have also prosecuted wage and hour cases that have been certified as collective actions, including: *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015) (Torres, J); *Gomez v. All City Remodeling, Inc.*, No. 14 Civ. 2966 (GHW), ECF No. 30 (S.D.N.Y. Oct. 17, 2014); *Juarez v. 449 Restaurant Inc.*, No. 13 Civ. 6977 (AJN), 2014 WL 3361765 (S.D.N.Y. July 2, 2014); *Espinoza v. Sky City Apartments, LLC*, No. 14 Civ. 2368 (ER) Docket No. 10 (S.D.N.Y. July 1, 2014); *Carpenter v. Paige Hospitality Group, LLC*, No. 13 Civ. 4009 (GBD), Docket No. 35 (S.D.N.Y. Nov. 11, 2013); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013); *Jones v. Sho Riki, Inc.*, No. 13 Civ. 2837 (TPG), Docket No. 11 (S.D.N.Y. July 18, 2013); *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC)(SN), Order (S.D.N.Y. June 20, 2013); *Ritz v. Mike*

*Rory Corp.*, No. 12 Civ. 367 (JBW)(RML), Order (E.D.N.Y. Apr. 17, 2013); *Novozhilova v. God Save The King, LLC*, No. 12 Civ. 7572 (RA), Docket No. 16 (S.D.N.Y. Dec. 14, 2012); *Roman v. The Dinex Group, LLC*, No. 11 Civ. 6156 (AKH), Docket No. 53 (S.D.N.Y. Nov. 28, 2012); *Sorman v. Aurora Catering, Inc.*, No. 12 Civ. 3226 (KBF), Docket No. 23 (S.D.N.Y. Aug. 28, 2012); *Hidalgo v. New York State Catholic Health Plan, Inc.*, No. 11 Civ. 4673 (FB)(JMA), Docket No. 39 (E.D.N.Y. June 20, 2012); *Salomon v. Adderley Indus., Inc.*, No. 11 Civ. 6043 (PAC), 2012 WL 716197 (S.D.N.Y. Mar. 6, 2012); *Karic v. The Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219 (E.D.N.Y. 2011); *Carver v. CFR2, LLC*, No. 11 Civ. 03738 (S.D.N.Y. 2011); *Rivera v. Morales*, No. 11 Civ. 02567 (S.D.N.Y. 2011); *Wulff v. 17th Street Entertainment II LLC*, No. 10 Civ. 2559 (CM)(JCF), Docket No. 17 (S.D.N.Y. May 27, 2010); *Tezuka v. E. Ochi, Inc.*, No. 09 Civ. 10140 (S.D.N.Y. 2009); *Levine v. Merrill Lynch, Pierce, Fenner & Smith Incorporated*, No. 09 Civ. 304 (S.D.N.Y. 2009).

32. Our cases have been featured by CBS, ABC, the New York Daily News, the New York Post, Reuters, Crains, the Associated Press, and The Wall Street Journal. We are frequently sought out by various publications for legal commentary on current and upcoming employment and labor law issues.

33. Furthermore, F&S has been part of several groundbreaking decisions in the employment and labor law field including: *Scott, et al. v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC) (SN), 2015 WL 1424009 (S.D.N.Y. Mar. 27, 2015) (compelling the production of documents allegedly protected by the attorney-client privilege); *Flood, et al. v Carlson Restaurants, Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015) (granting conditional nationwide class certification based on six employee declarations); *Karic, et al. v. The Major Automotive Companies, Inc., et al.*, 992 F.Supp.2d 196 (S.D.N.Y. Apr. 16, 2014)

(granting summary judgment on all New York Labor Law issues); and *Chhab, et al. v. Darden Restaurants, Inc., et al.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) (granting conditional nationwide class certification and solidifying the 20% side work claim under the FLSA).

34. I have been lead counsel in this matter since April 10, 2014. Prior to that, Eric Gitig, Esq. ("Gitig") was lead counsel. I worked alongside attorneys Gitig and Nicholas P. Melito ("Melito") as well as paralegal Maria Luna ("Luna"). I am fully familiar with the work of the other attorneys described in this Affirmation and recorded on the submitted time records. Gitig, Melito, and Luna worked on this case from its inception, assisting in drafting pleadings, conducting discovery, taking depositions, and drafting motions. I worked on this case since April 10, 2015. I represented the Plaintiffs in the settlement conferences as well as handled any and all matters related to both the preparation of the case for trial and the actual trial itself.

35. I became an associate at F&S in June 2014. I graduated from Lehigh University in 2003 and received a J.D. from the George Washington University Law School in 2009. Prior to F&S, I was an Assistant District Attorney at the Queens County District Attorney's Office ("QDA") for almost four years. During my time at QDA, I worked on a variety of criminal matters from inception to close, as well as conducted numerous hearings and three trials in front of New York State court judges. After my departure from QDA, I was employed by the litigation department of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), which is an international litigation and corporate law firm with over 800 attorneys. At Paul Weiss, I provided litigation support for the White Collar Crime & Regulatory Defense department on behalf of its large corporate clients. I am licensed to practice law in the State of New York and

am admitted in the Southern and Eastern Districts of New York. I am an active member of the National Employment Lawyers Association of New York.

36. Mr. Gitig graduated from the University of California, Los Angeles in 2001, and Benjamin N. Cardozo School of Law in 2009, where he was a Dean's scholarship recipient. Mr. Gitig's legal career has focused solely and specifically on the needs and protection of workers' rights as well as other matters in the employment and labor law field. Prior to his departure from F&S, Mr. Gitig was recognized for his performance in collective and class action cases and promoted to Senior Associate in 2014. While in law school, Mr. Gitig participated in two coveted internships with the New York City Mayor's Office of Labor Relations and the United States Department of Labor. Mr. Gitig is licensed to practice law in the State of New York and the Southern and Eastern Districts of New York.

37. Nicholas Melito has been employed at F&S since January 2012 as an extern (2012 to May 2012), law clerk (June 2012 to May 2013), and associate (2013 to present). Mr. Melito graduated from Molloy College in 2007, and New York Law School in 2013. Since 2012, Mr. Melito's legal career has focused solely and specifically on the needs and protection of workers' rights as well as other matters in the employment and labor law field. While in law school, Mr. Melito was a member of the New York Law School Labor and Employment Law Society and graduated as an associate of the New York Law School Center for Business and Financial Law. Mr. Melito is licensed to practice law in the State of New York as well as the Southern and Eastern Districts of New York. Mr. Melito is an active member of the National Employment Lawyers Association of New York.

38. Ms. Luna graduated from New York University in 2010. Since 2011, Ms. Luna has provided litigation support to attorneys at F&S as well as managed the day-to-day operations

of the office. In addition to her primary responsibilities, Ms. Luna is the main liaison between our Spanish speaking clients and the firm and provides daily support to the F&S marketing team.

39. F&S currently charges $375 per hour for senior associates, $225 - $300 per hour for associates, and $125 per hour for paralegals. Though F&S sometimes charges clients by the hour, the firm agreed to take this matter on a contingency-fee basis.

## HOURLY RATES

40. The hourly rates for the associates and paralegals who worked on this case appropriately reflect their level of experience. The rates requested are at or below the prevailing rates for lawyers of reasonably comparable skill, experience, and reputation.

41. I am aware of this Court's two most recent decisions in regards to attorneys' fees. *See Marquez, et al. v. Erenler, Inc. d/b/a Akdeniz, et al.*, No. 12 Civ. 8580 (GHW) (MHD), 2014 WL 5847441 (S.D.N.Y. Nov. 10, 2014); *Black v. Nunwood, Inc., et al.*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917 (S.D.N.Y. Apr. 30, 2015). However, I respectfully distinguish our representation from the firms in this Court's previous decisions. Considering our nationwide reputation, our success rate, our involvement in obtaining groundbreaking employment decisions (mentioned above), our experience in wage and hour matters in general, and in particular, my previous trial experience, it is our position that F&S is a unique and well versed employment practice that merits the fees detailed below.

42. According to The National Law Journal's annual survey of law firm billing rates, law firms located in New York billed associates from $130.00 to $1,050.00 per hour, with an approximate average rate of $520.00 per hour. *Billing Rates Across the Country*, The National Law Journal, Jan. 13, 2014, http://www.nationallawjournal.com/id=1202636785489/Billing-Rates-Across-the-Country.

43. According to the 2015 National Utilization and Compensation Survey Report from the National Association for Legal Assistants • Paralegals ("NALA") (attached at **Exhibit A**), the average rate charged for paralegals who work for firms with 6 – 10 attorneys in 2014 was $118.00 per hour. *See* **Exhibit A**, Page 4. In addition, the average paralegal rate for paralegals who work in Region 1 (identified as paralegals working for firms located in the New England and Mid-East areas), is $111.00 per hour. *See* **Exhibit A**, Pages 3 and 9. Furthermore, the average paralegal rate for paralegals with four (4) years of experience with their current employer is $114.00 per hour. *See* **Exhibit A**, Page 7.

44. By comparison, F&S seeks $375 per hour for Mr. Gitig (2009 graduate) as a Senior Associate; $300 per hour for my time (2009 graduate); $250 per hour for Mr. Melito (2013 graduate); and $125 per hour for Ms. Luna.

## TIME EXPENDED

45. Not every service provided by F&S is detailed in this affirmation; it is, however, fully reflected in the attached contemporaneous time records. (*See* **Exhibit B**.)

46. I have had overall responsibility for the prosecution of this action. I have direct knowledge that the attorneys performed the necessary legal work. Where consistent with the duty of zealous and high-quality representation, I assigned tasks in this matter to Mr. Melito and to Ms. Luna.

47. As mandated by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), before submitting this fee application, I made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." I have examined the computer entries for which fees are sought, and certify that these fees are accurate, reasonable, and

necessarily incurred in the prosecution of this case. Any and all hours that did not meet this standard, which was sizable, were eliminated from the time records.

## CALCULATIONS OF FEES

48. Based on F&S' normal rates and prior fee awards by other courts, Plaintiffs request the hourly rates for the persons who have worked on this case in the amounts listed below. The rates are reasonable, and are consistent with the prevailing rates for lawyers of reasonably comparable skill, experience, and reputation, and are comparable with rates courts have awarded this firm in other wage and hour law cases.

| | |
|---|---|
| Eric Gitig | $375 per hour |
| Arsenio Rodriguez | $300 per hour |
| Nicholas Melito | $250 per hour |
| Maria Luna | $125 per hour |

49. Plaintiffs are entitled to seek compensation for the following hours spent by the persons listed below during the litigation of this matter:

| | | |
|---|---|---|
| Eric Gitig (EG) | 30.80 hrs. x $375 | $11,550.00 |
| Arsenio Rodriguez (AR) | 147.60 hrs. x $300 | $44,280.00 |
| Nicholas Melito (NM) | 72.20 hrs. x $250 | $18,050.00 |
| Maria Luna (ML) | 25.35 hrs. x $125 | $3,168.75 |
| TOTAL | | $77,048.75 |

## COSTS

50. Plaintiffs costs are correctly reflected in the attached disbursement records. (*See* **Exhibit C**.) Such costs are of the type normally charged to clients of F&S, were necessarily incurred in the litigation, and reflect services that were actually and necessarily performed. The costs for which an award is sought are as follows:

| | |
|---|---|
| FedEx | $36.27 |
| Filing Fees | $400.00 |

|  |  |
|---|---|
| Service of Process | $176.00 |
| Deposition of Defendant Ouari | $1,382.15 |
| Interpreter for Trial Testimony | $1,800.00 |
| Trial Transcripts | $5,000.00 |
| TOTAL | $8,794.42 |

51. For the foregoing reasons, Plaintiffs respectfully request that the Court grant attorneys' fees in the amount of $77,048.75 and costs in the amount of $8,794.42, for a total of $85,843.17.

\* \* \*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 24, 2015

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**

By:

/s/ Arsenio D. Rodriguez
Arsenio D. Rodriguez

**FITAPELLI & SCHAFFER, LLP**
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs*