IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

JUAN GOMEZ RIOS, ELIEZER FRANCIS, GILDARDO OJEDA-JUAREZ, CARLOS SUAREZ, PEDRO TLACOMULCO, and RENE ALMAZO, individually and on behalf all others similarly situated,

                Plaintiffs,

- against -

LOUYA CORP. d/b/a JACQUES BRASSERIE, SERVICE CORP. d/b/a JACQUES 1534, JBB BAR AND GRILL INC. d/b/a THE PITCH & FORK, and HAMIMI "JACQUES" OUARI,

                Defendants.

14 Civ. 6800 (GHW)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

FITAPELLI & SCHAFFER, LLP
Brian S. Schaffer
Arsenio D. Rodriguez
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Phone: (212) 300 – 0375
Fax: (212) 481-1333
*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs Juan Gomez Rios, Eliezer Francis, Gildardo Ojeda-Juarez, Carlos Suarez, Pedro Tlacomulco, Rene Almazo Olivares, and Ramon Hernandez (collectively "Plaintiffs") were issued a verdict in their favor against Defendants Louya Corp. d/b/a Jacques Brasserie ("Jacques"), Service Corp. d/b/a Jacques 1534 ("1534"), JBB Bar and Grill Inc. d/b/a The Pitch & Fork ("JBB"), and Hamimi "Jacques" Ouari ("Ouari") (collectively "Defendants") under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 650 *et seq.* ("NYLL"). In an order dated July 10, 2015, the Court ordered Plaintiffs to submit a motion for attorneys' fees and costs. Pursuant to 29 U.S.C. § 216(b) and NYLL § 663(1), Plaintiffs now move for attorneys' fees and costs.

Plaintiffs have provided detailed contemporaneous records of the time spent by counsel in connection with this case. In this application, Plaintiffs seek attorneys' fees and costs from inception of the case through the date of this application. In addition, significant amounts of time have been excluded in the exercise of billing discretion. *See* Affirmation of Arsenio Rodriguez in Support of Plaintiffs Motion for Attorneys' Fees and Costs ("Rodriguez Aff.") ¶ 47. Accordingly, the attorneys' fees and costs sought herein are reasonable and appropriate.

## ARGUMENT

### I. PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS REASONABLE

#### A. Applicable Law

In an action under the FLSA and the NYLL, defendants shall be liable for reasonable attorneys' fees and costs in addition to any judgment awarded to the plaintiff or plaintiffs. *See* 29 U.S.C. § 216(b); NYLL § 663(1). A plaintiff is a "prevailing party for the purposes of the FLSA and NYLL 'if they succeed on any significant issue in litigation which achieves some of

the benefit the parties sought in bringing suit.'" *Khalil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In this case, after a five (5) day bench trial, this Court found that the Defendants violated the FLSA and NYLL for a judgment total of approximately $980,788.45. *See* Docket #s 70 and 71. As such, Plaintiffs are entitled to reasonable attorney's fees and costs in addition to this judgment.

"[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A.*, 559 U.S. 542, 548 (2010) (citation omitted). "Congress enacted fee-shifting statutes ... to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) (citations omitted). "Both the Second Circuit and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a "presumptively reasonable fee." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Kenny A.*, 559 U.S. at 552).

Under the lodestar method, the plaintiffs' reasonable fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Cowan v. Prudential Ins. Co. of Am.*, 935 F.2d 522, 524 (2d Cir. 1991). While the "lodestar method was never intended to be conclusive in all circumstances ... there is a 'strong presumption' that the lodestar figure is reasonable." *Kenny A.*, 559 US at 552.

In discussing the appropriate methodology for determining a fee award, the Supreme Court in *Kenny A.* enumerated the "important virtues" of the lodestar approach:

> First, in accordance with our understanding of the aim of fee shifting statutes, the lodestar looks to the prevailing market rates in the relevant

> community. Developed after the practice of hourly billing had become widespread, the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case. Second, the lodestar method is readily administrable; and unlike the Johnson approach, the lodestar calculation is "objective," and thus cabins the discretion of trial judges, permits meaningful review, and produces reasonably predictable results.

*Id.* at 551-52 (emphasis in original) (internal citations omitted).

In recent decisions, this Court analyzed FLSA and NYLL attorney fee motions based on the lodestar calculation. *See Black v. Nunwood, Inc., et al.*, No. 13-cn-7207 (GHW), 2015 WL 1958917 (S.D.N.Y. Apr. 30, 2015); *Marquez, et al. v. Erenler, Inc. d/b/a Akdeniz, et al.*, No. 12-cv-8580 (GHW) (MHD), 2014 WL 5847441 (S.D.N.Y. Nov. 10, 2014). Accordingly, Plaintiffs respectfully request that the Court continue to apply the traditional lodestar method in considering their fee request.

### B. The Lodestar Is Reasonable

There is a "strong presumption" that the lodestar figure represents a reasonable fee. *Kenny A.*, 559 U.S. at 552; *Quarantino*, 166 F.3d at 425. In accordance with the lodestar calculations, Plaintiffs' claim for fees is the product of a reasonable number of hours expended multiplied by an appropriate hourly rate. *Hensley*, 461 U.S. at 433. In addition, Plaintiffs have exercised billing judgment to ensure that the hours claimed are reasonable and do not reflect duplication of effort. *See* Rodriguez Aff. ¶ 47.

The time spent by Plaintiffs' lawyers in this case is described in the Rodriguez Affirmation and the Fitapelli & Schaffer, LLP ("F&S") contemporaneous time records attached thereto. *See* Rodriguez Aff. ¶ 45 ("Exhibit B"). Plaintiffs request attorneys' fees for Eric Gitig ("Gitig"), Arsenio Rodriguez ("Rodriguez"), Nicholas Melito ("Melito"), and Maria Luna ("Luna") who were all actively involved in the litigation. As evidenced by the contemporaneous


time records of Plaintiffs' counsel, this case was reasonably staffed. The Rodriguez Affirmation and its exhibits provide a detailed overview of the tasks that were required to bring this action to a successful resolution for Plaintiffs.

### C. The Requested Hourly Rates Are Reasonable

A reasonable hourly rate is one which is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to ... as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see Kenny A.*, 559 U.S. at 551 (noting that the aim of fee-shifting statutes is to approximate "the prevailing market rates in the relevant community") (internal quotations and citation omitted); *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009) ("[D]istrict courts are directed to calculate attorneys' fees based on the rates prevalent in the forum in which the litigation was brought."). Among the factors to be considered in the assignment of hourly rates are the quality of representation and the experience and special skill of the attorney. *See Blum*, 465 U.S. at 898-99. Rates are awarded at the hourly rate that is current at the time of the award to account for the delay between the time services are rendered and the fees recovered. *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *see Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (remanding case for calculation at current, not former, hourly rate even though some delay was attributable to the requesting party) (*citing Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)).

Here, the fee calculation uses an hourly rate of $375 for Gitig, $300 for Rodriguez, $250 for Melito, and $125 for Luna. These rates are reasonable based on the prevailing rates in the Southern District of New York, and are appropriate to the level of skill of the attorneys and legal staff who worked on plaintiffs' behalf. *See, e.g.*, Rodriguez Aff. ¶ 40, 42-44. As explained in

the Rodriguez Affirmation, F&S has extensive experience in and is at the forefront of employment litigation as well as being very well regarded by other attorneys and judges. *See* Rodriguez Aff. ¶¶ 26-33 and 39. These rates are well within the range recognized in the legal community. *See* Rodriguez Aff. ¶¶ 42 and 43.

In addition, these rates are consistent with other judicially-awarded rates. *See KGK Jewelry LLC v. ESDNetwork, et al.*, No. 11 Civ. 9236 (LTS), 2015 WL 2129703, at *2 (S.D.N.Y. May 6, 2015) (approving requested attorneys' fees in light of the prominence of the attorneys' firm, the attorneys' respective credentials, the years of experience, and the National Law Journal's survey for law firm billing rates); *Vilkhu v. City of New York*, No. 06 Civ. 2095 (CPS)(JO), 2009 WL 1851019, at *5 (E.D.N.Y. June 26, 2009) (noting evidence of three affidavits from law firms in the Southern District with extensive experience in civil rights law that associates' hourly rates range from $200 to $450 and partners' rates from $400 to $900), reversed on other grounds, 372 Fed. Appx. 222 (2d Cir. 2010); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544-46 (S.D.N.Y. 2008) (noting that it is reasonable to award hourly rates of $600 for partners, $350 for senior associates, $250 for junior associates, $175 for law clerks and $125 for paralegals).

### D. The Hours for Which Compensation Is Requested Are Reasonable

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citations omitted). "Although counsel is not required to record in great detail how each minute of his time was expended ... counsel should [at a minimum] identify the general subject matter of his time expenditures." *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 396–97 (S.D.N.Y.

2000) (internal quotation omitted). In addition, when investigating the reasonableness of the hours expended, courts can look into their own familiarity and experience with the case as well as the evidentiary submissions and arguments of the parties. *See Marquez, et al. v. Erenler, Inc. d/b/a Akdeniz, et al.*, No. 12 Civ. 8580 (GHW) (MHD), 2014 WL 5847441 (S.D.N.Y. Nov. 10, 2014); *see also KGK Jewelry LLC*, 2015 WL 2129703 at *2.

The time spent by Plaintiffs' lawyers in this case is described in the Rodriguez Affirmation and the contemporaneous time records attached thereto. *See* Rodriguez Aff. ¶¶ 3-25; **Exhibit B**. As evidenced by the contemporaneous time records, this case was reasonably staffed. These records fully meet the requirement to "specify[], for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, No. 02 Civ. 9530 (SAS), 2009 WL 2610747, at *1 (S.D.N.Y. Aug. 25, 2009) (internal quotations omitted).

Moreover, it cannot be argued that any of these hours were spent pursuing claims or taking positions that were unreasonable, or that plaintiffs' counsel was unnecessarily contentious in pursuing this matter. *See Rozell*, 576 F. Supp. 2d at 538 (reducing counsel's compensable time by 50 hours for pursuing claims that were "unreasonable, unsuccessful, or untimely" and for taking positions that were unnecessarily contentious). In addition, the billing descriptions in these records provide enough context to allow the Court to make a judgment as to the reasonableness of the total hours claimed. *See Abdell, et al. v. City of N.Y., et al.*, No. 05 Civ. 8453 (RJS), 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (citing *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09 Civ. 4602 (PGG), 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12, 2013).

Further, the time expended was necessary to obtain the results achieved. Plaintiffs initially sought to settle the case at two separate settlement conferences after the case was filed as

well as made numerous additional attempts to engage in settlement discussions. *See* Rodriguez Aff. ¶¶ 8, 11-16. While Defendants presented a settlement offer at the settlement conferences, Plaintiffs did not believe it appropriately compensated them for the claims alleged. *See* Rodriguez Aff. ¶ 16. As a result, the litigation resumed and ended with a trial before this Court.

In short, F&S has acted efficiently in prosecuting this matter, and while the hours alleged are entirely reasonable for a case that was litigated and tried before a court, F&S still cut sizable hours out of their time records based on their duty under *Hensley*. *See* Rodriguez Aff. ¶ 47.

### E. Additional Factors

To the extent the Court utilizes other factors to determine the reasonableness of Plaintiffs' attorneys' fees, the Court should consider the novelty and difficulty of the issues that Plaintiffs' counsel had to litigate, the initial commitment to litigate the case on a contingency fee basis, the effort to build a relationship with the Plaintiffs, and the overall success of the litigation on the behalf of Plaintiffs.

This case involved novel and difficult issues of fact and law, including Defendants' arguments regarding their backroom wage calculations and damages under the FLSA, NYLL, and New York State Wage Theft Prevention Act. *See, e.g., Cruz v. Henry Modell & Co., Inc.*, No. 05 Civ. 1450 (AKT), 2008 WL 905351, at *10 (E.D.N.Y. Mar. 31, 2008) (awarding higher attorneys' fees based on complexity of issues in case).

Another factor that weighs in favor of the reasonableness of the instant fee request is that F&S represented Plaintiffs on a contingency-fee basis. *See* Rodriguez Aff. ¶ 3. The contingency arrangement could have resulted in Plaintiffs' counsel working on this matter for more than two years, while recovering nothing.

Moreover, F&S did not have a working relationship with Plaintiffs prior to this matter. Thus, the firm had to forge a close relationship with Plaintiffs as quickly as possible to successfully prosecute their claims. This was especially true as F&S had to earn the trust and respect of Plaintiffs prior to the settlement conferences and the trial itself. Both the fact that Plaintiffs were not prior clients of the firm and the long and close cooperation during the litigation are circumstances that courts have weighed in favor of a higher fee award. *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1216 (S.D. Fla. 2006) (plaintiffs lack of "track record" with a firm favors a higher award); *Ressler v. Jacobson*, 149 F.R.D. 651, 655 (M.D. Fla. 1992) (same).

Finally, with respect to the degree of Plaintiffs' success, considering the maximum potential damages as calculated by Plaintiffs, the recovery in this case is far from nominal. *See Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992) (stating that while "the lodestar figure may be reduced in situations in which plaintiffs receive[d] only nominal damages awards … such a reduction would be inappropriate … where the parties settled for $60,000 – an amount that defies the 'nominal' label."). In the instant case, Plaintiffs received a verdict of almost one million dollars, with individual awards ranging from approximately $24,000.00 to approximately $230,000.00, which is far from nominal. *See* Docket #s 70 and 71.

II. **THE COSTS ARE REASONABLE**

Plaintiffs' litigation costs are detailed in the records annexed as **Exhibit B** to the Rodriguez Affirmation. As prevailing parties, Plaintiffs are entitled to reasonable costs for both their federal and state claims. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1); *see LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d. Cir. 1998) (abuse of discretion not to award plaintiff reasonable out-of-pocket costs); *see also Marquez*, 2014 WL 5847441 at *4; *Reichman*

- 8 -

*v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (prevailing plaintiff entitled to "those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee-paying clients") (citations and quotations omitted). The costs requested by Plaintiffs are all reasonable and have been allowed in other similar cases. *See Marquez*, 2014 WL 5847441 at *4; *Kadden v. VisuaLex, LLC*, No. 11-cv-4892 (SAS), 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (all reasonable and costs including process server and transcript expenses are recoverable).

### CONCLUSION

Based on the forgoing, Plaintiffs respectfully request that the Court award them attorneys' fees and costs in the amount of $85,843.17.

Dated: New York, New York
July 24, 2015

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**

By:

/s/ Arsenio D. Rodriguez
Arsenio D. Rodriguez

**FITAPELLI & SCHAFFER, LLP**
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs*