```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/8/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                 :
JUAN GOMEZ RIOS, *et al.*,                        :
                                                 :
                                 Plaintiffs,   :     1:14-cv-6800-GHW
                                                 :
                  -v -                                 :     <u>MEMORANDUM OPINION</u>
                                                 :           <u>AND ORDER</u>
LOUYA CORP., *et al.*,                            :
                                                 :
                                         Defendants.   :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    **I.**       **BACKGROUND**

       Plaintiffs filed this case on August 22, 2014, alleging claims for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After a five-day bench trial, the Court found that defendants Service Corp., JBB Bar and Grill Inc., and Hamimi "Jacques" Ouari violated the FLSA and NYLL and awarded unpaid wages and liquidated damages; the Court found that plaintiffs did not meet the burden of proof for illegally retained tips under NYLL, so no damages were awarded for that claim. *See* Dkt. No. 70. Because this action has been automatically stayed against defendant Louya Corp. as a result of its filing a petition for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York on July 9, 2015, *see* Dkt. No. 68, the decision and judgment only applied to the three non-bankrupt defendants. References to "defendants" in this order refer only to the three non-bankrupt defendants.

       The Clerk of Court computed interest and entered judgment for plaintiffs against Mr. Ouari personally in the amount of $980,788.45; and entered judgment for plaintiff Juan Gomez Rios, against Service Corp. and Mr. Ouari, jointly and severally, in the amount of $18,206.92. *See* Dkt. No. 71.

On July 24, 2015, plaintiffs' counsel moved for an award of $77,048.75 in attorney's fees and $8,794.42 in costs, pursuant to the fee-shifting provisions of the FLSA, 29 U.S.C. § 216(b), and the NYLL, N.Y. Lab. Law § 663(1). *See* Dkt. No. 72. Defendants' opposition papers were due by August 7, 2015. Defendants did not file a response by that date, and on August 12, 2015 the Court directed defendants to respond to plaintiffs' motion by August 17, 2105. *See* Dkt. No. 75. As of the date of this Order, defendants have not filed a response to plaintiffs' motion. For the reasons stated below, the Court awards plaintiffs $54,929.75 in attorney's fees and $8,794.42 in costs.

## II.   DISCUSSION

### A. Attorney's Fees Under the FLSA and NYLL

Both the FLSA and the NYLL are fee-shifting statutes entitling reasonable attorney's fees and costs. *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." and "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the NYLL, any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees." N.Y. Lab. Law § 663(1); *see also* N.Y. Lab. Law § 198(1-a) ("[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [and] all reasonable attorney's fees . . . ."). Because the Court found that defendants violated the FLSA and NYLL, plaintiffs are entitled to reasonable attorney's fees and costs in addition to the judgment already entered in their favor.

The Court has discretion in determining the appropriate amount of the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Supreme Court has explained that "[t]his is

2

appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential.")

The Second Circuit's approach to determining an appropriate attorney's fee award requires the Court to calculate a "presumptively reasonable fee," which is the product of: (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Plaintiffs' counsel submitted documentation of their work, including time records for each attorney and an explanation of the hourly rates sought for each attorney. *See* Mem. of Law in Supp. of Pls.' Mot. Attorneys' Fees and Costs ("Plaintiffs' Memo"), Dkt. No. 74; Rodriguez Declaration, Dkt. No. 73 (including exhibits).

**B.  Reasonable Hourly Rates**

A reasonable hourly rate is one which a "paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. To find a reasonable hourly rate, the Court must determine whether the rates requested by plaintiffs' counsel are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Reiter v. MTA New York City Transit Authority,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In order to make this determination, courts look to: "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (citing *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)).

Plaintiffs request a rate of $375 for Eric Gitig, who graduated from Cardozo School of Law in 2009. Mr. Gitig's career has focused in employment and labor law, and he served as lead counsel in this case until April 2015. While in law school, Mr. Gitig participated in internships with the New York City Mayor's Office of Labor Relations and the United States Department of Labor. Mr. Gitig was promoted to Senior Associate in 2014, and has since left Fitapelli & Schaffer, LLP. *See* Plaintiffs' Memo at 4; Rodriguez Decl. at 10.

Plaintiffs request a rate of $300 per hour for Arsenio Rodriguez, an associate who graduated from George Washington University Law School in 2009 and practiced as an Assistant District Attorney working on criminal matters for nearly four years. Mr. Rodriguez spent an unspecified amount of time providing litigation support at another firm before joining Fitapelli & Schaffer, LLP in 2014. Mr. Rodriguez served as lead counsel in this case beginning in April 2015, taking over for Mr. Gitig. *See* Plaintiffs' Memo at 4; Rodriguez Decl. at 9.

Plaintiffs request a rate of $250 per hour for Nicholas Melito, an associate who graduated from New York Law School in 2013. Mr. Melito's career has focused in employment and labor law, and he worked as an extern and law clerk at Fitapelli & Schaffer, LLP prior to graduating law school. Plaintiffs request a rate of $125 for Maria Luna, a paralegal who graduated from New York University in 2010 and acts as the main liaison with Spanish-speaking clients. *See* Plaintiffs' Memo at 4; Rodriguez Decl. at 10–11.

Courts in this district have generally determined that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450. *Galeana v.*

4

*Lemongrass on Broadway Corp.*, No. 10 CIV. 7270 GBD MHD, 2014 WL 1364493, at *13 (S.D.N.Y. Apr. 4, 2014). Generally, courts in this district award rates between $350 and $450 per hour for partners with significant employment litigation experience. *See, e.g.*, *Tackie v. Keff Enterprises LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *7 (S.D.N.Y. Sept. 16, 2014) ($400 per hour for partner with eleven years of experience in wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); *Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ($400 per hour for partner with twenty-five years of experience who specializes in wage and employment law); *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) ($350 per hour for experienced partner and collecting cases awarding $300–400 rates for partners); *Liang Huo v. Go Sushi Go 9th Ave.*, No. 13 CIV. 6573 KBF, 2014 WL 1413532, at *7–8 (S.D.N.Y. Apr. 10, 2014) ($350 per hour for attorney with almost ten years of experience primarily in employment law).

Courts in this district have awarded rates between $285 and $300 per hour for attorneys with at least eight years of experience. *See, e.g.*, *Yuquilema v. Manhattan's Hero Corp.,* No. 13 Civ. 461(WHP)(JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) ($300 per hour for ten years of experience), *report & rec. adopted,* 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012) *aff'd*, 519 Fed. App'x 1 (2d Cir. 2013) ($300 per hour for eight years of experience); *Clover v. Shiva Realty of Mulberry*, No. 10-cv-1702 (RPP), 2011 WL 1832581, at *5 (S.D.N.Y. May 13, 2011) ($300 per hour for 9 years of experience); *Black v. Nunwood, Inc.*, No. 1:13-CV-7207-GHW, 2015 WL 1958917, at *5 (S.D.N.Y. Apr. 30, 2015) ($285 per hour for nine years of experience).

Courts in this district have awarded rates between $200 and $275 per hour for attorneys with at least four years of experience. *See, e.g., Collado v. Donnycarney Rest. L.L.C.*, No. 14 CIV. 3899 GBD HBP, 2015 WL 4737917, at *11 (S.D.N.Y. Aug. 10, 2015) ($275 per hour to "Senior Counsel" with

5

five years of experience who "directly supervises all . . . associates' work); *Galeana*, 2014 WL 1364493, at *14 ($250 per hour to attorney who practiced law "since 1998" and focused practice on FLSA claims "since 2006"); *Maldonado v. La Nueva Rampa, Inc.*, No. 10 CIV. 8195 LLS JLC, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) ($200 per hour to fourth year associates).

The Court finds that the hourly rates requested by plaintiffs' counsel are excessive. Mr. Gitig's requested fee is equivalent to that of a partner with significant employment litigation, but his experience is not comparable. In February 2012, a court in this district reduced Mr. Gitig's fee to $175 per hour, but noted that this decision relied on the fact that part of the work Mr. Gitig performed in that case was as a law clerk, rather than an attorney. *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 508 (S.D.N.Y. 2012). Given his increased experience since that time, the Court approves a rate of $225 per hour for Mr. Gitig.

The rates requested for Mr. Rodriguez are similarly excessive. Although he graduated the same year as Mr. Gitig and also served as lead counsel after Mr. Gitig's departure, Mr. Rodriguez has relatively little experience in employment or wage and hour law—prior to April 2015, his experience was exclusively in criminal law and litigation support. Mr. Rodriguez's lack of experience in the area of employment law was mitigated by his effective performance at trial. As a result, the Court approves a rate of $225 per hour for Mr. Rodriguez.

Courts typically award rates in the range of $125–$215 to associates with three years of experience or less. *See, e.g.*, *Chen v. TYT E. Corp.*, No. 10-cv-5288 (PAC) (DF), 2013 WL 1903735, at *3 (S.D.N.Y. May 8, 2013) ($215 per hour for less than 2 years of experience and $125 per hour for summer associates); *Black*, 2015 WL 1958917, at *5 ($200 per hour for associate with three years of experience and $150 for one year of experience); *Palacios v. Z & G Distributors, Inc.*, No. 11-cv-2538 (FM), 2013 WL 4007590, at *6 (S.D.N.Y. Aug. 6, 2013) ($200 per hour for three years of experience); *Apolinario v. Luis Angie Deli Grocery Inc.*, No. 1:14-CV-2328-GHW, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ($175 per hour for 2013 graduate); *Anthony*, 844 F. Supp. 2d at 508 ($175

per hour for three years of experience); *Gurung*, 851 F. Supp. 2d at 597 ($150 per hour for law clerks at large firm); *Jemine*, 901 F. Supp. 2d at 393 ($150 per hour for junior associate with less than 1 year of experience). Given these rates for "similar services by lawyers of reasonably comparable skill, experience, and reputation," *Reiter*, 457 F.3d at 232, the Court approves a rate of $175 per hour for Mr. Melito.

Courts in this district typically award rates in the range of $75–$100 to paralegals, but the rate varies depending on experience. *See, e.g.*, *Gurung*, 851 F. Supp. 2d at 597 ($100 per hour); *Castellanos*, 2014 WL 2624759, at *7 ($95 per hour); *Alvarez v. 215 N. Ave. Corp.*, No. 13-CV-7049 NSR PED, 2015 WL 3855285, at *7 (S.D.N.Y. June 19, 2015) ($75 per hour to bilingual paralegals); *Black*, 2015 WL 1958917, at *6 ($75 per hour where no information provided on experience). In March 2015, Ms. Luna was awarded a rate of $85 per hour by a court in the Eastern District of New York. *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 FB CLP, 2015 WL 1469619, at *13 (E.D.N.Y. Mar. 30, 2015). Given these prior rates, the Court approves a rate of $85 per hour for Ms. Luna.

### C. Time Reasonably Expended

To determine a reasonable number of hours of work for a particular case, courts first look for documentation in the form of "contemporaneous time records 'specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Greathouse v. JHS Sec., Inc.*, No. 11-cv-7845 (PAE) (GWG), 2012 WL 3871523, at *9 (S.D.N.Y. Sept. 7, 2012) *report and recommendation adopted as modified*, No. 11-cv-7845 (PAE) (GWG), 2012 WL 5185591 (S.D.N.Y. Oct. 19, 2012) (alterations omitted) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983)). Courts may also consider their "own familiarity with the case and . . . experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-cv-3133 (LGS) (FM), 2014 WL 2200393, at *10–11 (S.D.N.Y. May 27, 2014) *report and recommendation*

*adopted sub nom.*, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (alterations omitted).  "Finally, billing judgment must be factored into the equation."  *Id.*

The Court finds the time records submitted by plaintiffs' counsel is sufficiently detailed and reasonable.  Accordingly, the Court awards plaintiffs $54,929.75 in attorney's fees, calculated by multiplying the reasonable hourly rate for each attorney by the number of hours she or he worked, according to the billing sheet included as Exhibit B to Mr. Rodriguez's affidavit.  *See* Dkt. No. 73-2.

**D.  Costs**

Plaintiffs, as the prevailing party in this case, are entitled to recover costs in addition to reasonable attorney's fees.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663.  "Costs are defined as 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  *Apolinario*, 2015 WL 4522984, at *4 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

Plaintiffs request reimbursement for court filing and daily transcript fees, as well expenses incurred for postage, process servers, deposition, and hiring a Spanish interpreter for trial.  These costs are all reasonable and courts have allowed them in similar cases.  *See, e.g.*, *Apolinario*, 2015 WL 4522984, at *4 (awarding filing and transcript fees, and postage, process servers, and interpreter expense); *Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses); *Kadden v. VisuaLex, LLC*, No. 11-cv-4892 (SAS), 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding filing fee and deposition, process server, and transcript expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding expenses for interpreters at settlement conference and depositions); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725 (DC), 2010 WL 4159391, at *8–9 (S.D.N.Y. Sept. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter).

### III. CONCLUSION

Plaintiffs are entitled to $54,929.75 in attorney's fees and $8,794.42 in costs. The Clerk of Court is directed to enter judgment for the plaintiffs, against defendants Service Corp., JBB Bar and Grill Inc., and Mr. Ouari, jointly and severally, in the amount of $63,724.17; and to terminate the motion pending at Docket Number 72.

SO ORDERED.

Dated: October 8, 2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge