UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN GOMEZ RIOS, ELIEZER FRANCIS,
GILDARDO OJEDA-JUAREZ, CARLOS                    14-CV-06800 (GHW)
SUAREZ, PEDRO TLACOMULCO, and
RENE ALMAZO,

        Plaintiffs,

   -against-

LOUYA CORP. d/b/a JACQUES BRASSERIE,
SERVICE CORP. d/b/a JACQUES 1534, JBB
BAR AND GRILL, INC. d/b/a THE PITCH &
FORK, and HAMIMI "JACQUES" OUARI,

        Defendants.
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE/MODIFY THIS COURT'S OCTOBER 9, 2015 SUPPLEMENTAL JUDGMENT

Adam C. Weiss (AW-5752)
THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(646) 489-0059 (tel)
(516) 759-2556 (fax)

0

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Defendants, Service Corp. d/b/a Jacques 1534 and JBB Bar and Grill, Inc. d/b/a The Pitch & Fork, under Federal Rule Civil Procedure 60 to vacate and/or modify the Court's October 9, 2015 Order (Docket Entry No. 79) entering judgment jointly and severally for $63,724.17 against defendants Service Corp. and JBB Bar and Grill Inc. for attorneys' fees and costs.

As set forth herein, JBB Bar and Grill achieved an effective "defense verdict" at trial and, as such, Plaintiffs' counsel should not have been awarded any attorneys' fees and costs against it. In addition, the amount of the overall award attributable to Service Corp. only represented 2.16% of the overall award, so the attorneys' fees and costs associated with this "victory" should have been proportionate to the overall award.

Accordingly, the Court's October 9, 2015 Order should be vacated and/or modified.

**FACTS**

On or about July 15, 2015, this Court entered a Judgment in favor of the Plaintiffs after a five-day trial in the underlying wage and hour matter. See Weiss Declaration, dated January 5, 2016, at Exhibit "B". The total sum of the Judgment was approximately $843,405.94 and it was broken up as follows $843,405.94 against Defendant Ouari, 18,206.92 (against Defendant Service Corp.) and $0.00 against JBB Bar and Grill, Inc. Id. In other words, that portion of the overall judgment that was awarded against Defendant Service Corp. ($18,206.92) represents only 2.16% of the overall judgment. By failing to award any damages against Defendant JBB Bar and Grill, Inc. resulted in a de facto "defense verdict" against that defendant dismissing all claims against it.

1

Significantly, in the underlying Decision after trial, the Court held that the defendants established that each of the corporate defendants were a separate legal entity and therefore Plaintiffs' effort to hold the corporate defendants liable as employers for other corporate defendants' failed. See Weiss Declaration, at Exhibit C, at pp. 8-9.

The July 15, 2015 Order also permitted Plaintiffs' counsel, Fitapelli & Schaffer, LLP to submit an attorneys' fee application no later than July 24, 2015. On or about July 24, 2015, Fitapelli & Schaffer, LLP indeed submitted such an application and Defendants opted not to file any opposition. On or about October 9, 2015, the Court entered a Supplemental Judgment after awarding attorneys' fees and costs to Fitapelli & Schaffer, LLP of $63,724.17. See Weiss Declaration, at Exhibit A.

It is submitted that the October 9, 2015 Order mistakenly awarded attorneys' fees and costs against JBB Bar and Grill, Inc. (which was dismissed from the case without any liability) and awarded the full amount of attorneys' fees and costs against Service Corp. (despite the fact that Service Corp. was only liable for 2.16% of the overall judgment upon which the attorneys' fees award was based).

Plaintiffs Serve Restraining Notices to Garnishees

On or about December 29, 2015, Defendant Ouari, who also owns JBB Bar and Grill, Inc. and Service Corp., became aware that restraining notices had been served by an attorney on behalf of the Plaintiffs against several financial institutions, which the companies use for banking purposes, including but not limited to receipt of customer payments, paying for utilities and paying wages to employees. See Weiss Declaration, at Exhibit "D". As a result of the service of these restraining notices, all bank and credit card accounts utilized by JBB Bar and Grill and Service Corp. were frozen, which effectively completely paralyzed the businesses because they

2

cannot receive payment for services and cannot make payments for their liabilities, including payroll.

For all these reasons and those set forth in the accompanying Declaration, Defendants, JBB Bar and Grill and Service Corp., request that this Court vacate the attorneys' fees and costs award against JBB Bar and Grill and modify the attorneys' fees and costs award against Service Corp. to reflect a more proportionate share of the overall award.

## STANDARD OF REVIEW

Courts have both the power and the duty to correct judgments that contain clerical errors or mistakes. American Trucking Ass'ns, Inc. v. Frisco Transp. Co., 358 U.S. 133 (1958). This power is expressly recognized in Rule 60(a), which authorizes the trial court, of its own initiative or on the motion of any party, to correct clerical mistakes or errors in judgments, orders, or other parts of the record caused by oversight or omission.

Specifically, under Federal Rule of Civil Procedure 60(a), a court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record and the court may do so on motion or on its own, with or without notice.  Under Rule 60(b)(1), on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."

## ARGUMENT

**THE COURT'S OCTOBER 9, 2015 ORDER SHOULD BE VACATED AND/ OR MODIFIED**

It is submitted that the October 9, 2015 Order mistakenly awarded attorneys' fees and costs against JBB Bar and Grill, Inc. (which was dismissed from the case without any liability) and awarded the full amount of attorneys' fees and costs against Service Corp. (despite the fact

3

that Service Corp. was only liable for 2.16% of the overall judgment upon which the attorneys' fees award was based). As such, it must be vacated and/or modified based on the Court's typographical error and/or mistake when the underlying decision was transmitted to the judgment clerk.

Defendants do not dispute that an attorneys' fees award was appropriate against Defendant Hamimi "Jacques" Ouari. Indeed, the Fair Labor Standards Act provides that "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). However, here, the total sum of the Judgment was approximately $843,405.94 and it was broken up as follows $843,405.94 against Defendant Ouari, 18,206.92 (against Defendant Service Corp.) and $0.00 against JBB Bar and Grill, Inc. In other words, that portion of the overall judgment that was awarded against Defendant Service Corp. ($18,206.92) represents only 2.16% of the overall judgment. In addition, by failing to award any damages against Defendant JBB Bar and Grill, Inc. resulted in a de facto "defense verdict" against that defendant dismissing all claims against it. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Dotson v. Pfizer, Inc., 558 F.3d 284, 303 (4th Cir. 2009)("Even when an award of attorneys' fees is mandatory, the district court may decrease the amount of fees that might otherwise be awarded in order to account for the plaintiff's limited success.")

Significantly, in the underlying Decision after trial, the Court held that the defendants established that each of the corporate defendants were a separate legal entity and therefore Plaintiffs' effort to hold the corporate defendants liable as employers for other corporate defendants' failed. See Weiss Declaration, at Exhibit C, at pp. 8-9. Therefore, JBB cannot be liable for any portion of the underlying judgment or the supplemental award of attorneys' fees.

4

In addition, because the Court held that each defendant was a separate legal entity, that Service Corp., at worst, should only be liable for such portion of the attorneys' fees award that represents a reasonable apportionment of the overall award – 2.16%.

As such, the attorneys' fees award should be vacated and/or modified.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court vacate and/or modify the October 9, 2015 Order.

Dated: January 5, 2016
      Glen Cove, New York

THE LAW FIRM OF ADAM C. WEISS, PLLC

Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(646) 489-0059 (tel)
(516) 759-2556 (fax)
Email: acweiss88@aol.com

*Attorneys for Defendants*